# United States Court of Appeals for the Federal Circuit

---

**CRAIG STEVEN MORSE,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**DEPARTMENT OF HOMELAND SECURITY,**
*Intervenor.*

---

2010-3030

---

Petition for review of the Merit Systems Protection Board in AT3330090571-I-1.

---

Decided: September 1, 2010

---

STEVEN L. HERRICK, Tully Rinckey P.L.L.C., of Washington, DC, argued for petitioner.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

SCOTT D. AUSTIN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for intervenor. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief was STEVEN M. TAPPER, Senior Counsel, Office of the Chief Counsel, Transportation Security Administration, of Atlanta, Georgia.

---

Before RADER, *Chief Judge*, NEWMAN and MOORE, *Circuit Judges*.

RADER, *Chief Judge*.

The Merit Systems Protection Board ("Board") dismissed the petition of Craig Steven Morse for lack of jurisdiction. The petition alleged that the Transportation Security Administration ("TSA") violated Mr. Morse's veterans' preference rights when it declined to waive its maximum entry age requirement in connection with his application for employment as a Federal Air Marshal. Because the TSA is exempt from section 3330(a) of Title 5, which provides Board appeal rights for preference eligible veterans, this court affirms.

I

Mr. Morse is a ten-point preference eligible veteran. On or about August 14, 2008, Mr. Morse, who was then thirty-nine years old, applied for a Federal Air Marshal position with the TSA. Mr. Morse never received notification from the TSA regarding the disposition of his application. However, Mr. Morse believes that he was not selected because he exceeded the maximum entry age of

thirty-seven for Federal Air Marshals based on the denial of an earlier application for the same position.

Mr. Morse appealed to the Board on April 23, 2009, contending that the TSA violated his rights under the Veterans Employment Opportunities Act of 1998 ("VEOA"). In an initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. The judge wrote that she had "no authority to overrule or deviate" from *Belhumeur v. Department of Transportation*, 104 M.S.P.R. 408 (2007), where the Board held that it had no jurisdiction over VEOA appeals from Federal Aviation Administration ("FAA") employees or applicants. *Morse v. Dep't of Homeland Sec.*, AT-3330-09-0571-I-1, 2009 WL 3379670 (M.S.P.B. Aug. 7, 2009). The parties do not dispute that the FAA personnel management system applies to the TSA.

The initial decision became final when neither party filed an administrative petition for review with the full Board. This appeal followed. This court has jurisdiction under 5 U.S.C. § 1295(a)(9).

## II

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . ." 5 U.S.C. § 7703(c)(1)-(3). This court reviews the Board's decisions about jurisdiction without deference. *Butler v. Soc. Sec. Admin.*, 331 F.3d 1368, 1371-72 (Fed. Cir. 2003).

The 1996 Department of Transportation and Related Agencies Appropriations Act ("DOT Act"), Pub. L. No. 104-50, § 347, 109 Stat. 436, 460 (1995), established the

FAA personnel management system. The FAA personnel management system addresses "the unique demands on the agency's workforce" and "provide[s] for greater flexibility in the hiring, training, compensation, and location of personnel." *Id.* Section 347(b) of the DOT Act expressly stated that the provisions of Title 5 "shall not apply" to this personnel management system, with the exception of specifically enumerated provisions. *Id.*

Under these specifically enumerated provisions of Title 5, FAA employees and applicants receive the benefits of sections 3312 and 3320. *Id.* The former states that in determining the qualifications of a preference eligible veteran for appointment in the competitive service, the examining agency "shall waive" requirements as to age. 5 U.S.C. § 3312. The latter expands the age waiver for preference eligible veterans to also include selection for appointment in the excepted service, which includes the Federal Air Marshal position sought by Mr. Morse. *See* 5 U.S.C. § 3320. Even if the FAA employees and applicants gained these benefits, however, the Board did not necessarily have jurisdiction over violations of these specifically enumerated provisions. *See, e.g, Diefenderfer v. Merit Sys. Prot. Bd.*, 194 F.3d 1275, 1278-79 (Fed. Cir. 1999) (holding that the Board lacked jurisdiction over whistleblower reprisal claims against the FAA, even though substantive whistleblower reprisal prohibition was included in the list of specifically enumerated provisions made applicable to FAA employees).

In 1998, Congress enacted the VEOA. *See* Pub. L. No. 105-339, 112 Stat. 3182 (Oct. 31, 1998). Section 3 of the VEOA, captioned "Improved Redress for Preference Eligibles," added section 3330 to Title 5. *Id.* It states, in pertinent part, as follows:

(a)(1) A preference eligible who alleges that an agency has violated such individual's rights *under any statute or regulation* relating to veterans' preference may file a complaint with the Secretary of Labor.

. . .

(d)(1) If the Secretary of Labor is unable to resolve a complaint under subsection (a) within 60 days after the date on which it is filed, the complainant *may elect to appeal the alleged violation to the Merit Systems Protection Board* in accordance with such procedures as the Merit Systems Protection Board shall prescribe. . . .

5 U.S.C. § 3330 (emphases added). This section broadly provides preference eligible veterans with an enforcement mechanism for violations of individual rights "under any statute or regulation," and includes the right to appeal violations to the Board. *Id.* Although the VEOA amended section 347(b) of the DOT Act to provide preference eligible veterans with substantive rights of protection against reductions in force, the VEOA did not similarly amend section 347(b) to make section 3330(a) applicable to the FAA personnel management system. Pub. L. No. 105-337, § 5, 112 Stat. 3187.

Two years later, Congress passed the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("Ford Act"), Pub. L. No. 106-181, § 307(a), 114 Stat. 61, 124 (2000) (codified at 49 U.S.C. § 40122(g)-(i) (2000)). The Ford Act repealed section 347 of the DOT Act and reenacted a slightly revised version of it. Pub. L. No. 106-181, § 307(d), 114 Stat. 61, 126 (2000). The reenacted statute again states that the provisions of Title 5 "shall not apply" to the FAA's personnel management system except for specifically enumerated provisions. 49 U.S.C.

§ 40122(g)(2). These enumerated provisions again include sections 3312 and 3320, which provide age-waiver for preference eligible veterans. 49 U.S.C. § 40122(g)(2)(B). The enumerated exceptions again, however, do not include section 3300 of Title 5, which provides preference eligible veterans with rights to appeal to the Board. *See id.*

## III

The Board considered the interplay between the Ford Act and the VEOA in *Belhumeur*. In that case, a preference eligible aerospace engineer at the FAA applied for a promotion but was not selected. *Belhumeur*, 104 M.S.P.R. at 409. The Board dismissed his appeal for lack of jurisdiction, holding that the VEOA does not apply to FAA employees and applicants because section 3330(a) of Title 5 is not one of the specifically excepted provisions enumerated at 49 U.S.C. § 40122(g)(2)(B). *Id.* at 410.

Mr. Morse nevertheless contends that the Board has jurisdiction over his claim, and that *Belhumeur* was wrongly decided. Mr. Morse argues that prior to enactment of the Ford Act in 2000, preference eligible FAA employees already had appeal rights to the Board because of the enactment of the VEOA in 1998, which did not exclude FAA employees or applicants from the administrative redress it provides. While Mr. Morse acknowledges that the Ford Act does not enumerate section 3330(a) as one of the exceptions to the bar against application of Title 5 provisions to the FAA's personnel management system, he contends that the Act could not have been intended to repeal the right to administrative redress granted by the VEOA just two years earlier. Mr. Morse further argues that the Ford Act was intended to right a perceived wrong by restoring remedies that had been taken away in 1996. In particular, he notes that

section 40122(g)(3) restores to FAA personnel rights of appeal to the Board that had existed on March 31, 1996, one day before the DOT Act became effective. 49 U.S.C. § 40122(g)(3).

While sympathetic to Morse's position, this court disagrees with his interpretation of the relevant statutes. First, 49 U.S.C. § 40122(g)(2) and its predecessor, section 347(b) of the DOT Act, both expressly state that the provisions of Title 5 "shall not apply" to FAA's personnel management system except for certain enumerated exceptions. These exceptions do not include section 3330(a), which provides for right of appeal to the Board. "[O]mission [from the list of enumerated exceptions] is of no small consequence." *Gonzalez v. Dep't of Transp.*, 551 F.3d 1372, 1376 (Fed. Cir. 2009) (holding that the Board does not have jurisdiction to award back pay to FAA employees because the "unambiguous language of § 40122 governs [the] claim").

In addition, Morse's theory of the case assumes that passage of the VEOA in 1998 granted veterans' preference rights to FAA applicants. But the DOT Act addressed a narrow category of activity, FAA personnel management, whereas section 3330(a) more generally addresses veterans' employment activities throughout the government. "[A] statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976). Moreover, Mr. Morse construes the VEOA as impliedly repealing section 347(b) of the DOT Act. To the contrary, the Supreme Court counsels against crediting repeals of statutory provisions by implication. *Hagen v. Utah*, 510 U.S. 399, 416 (1994). While Mr. Morse argues that one could instead assume that section 3330(a) be considered as an addition to the list of Title 5 sections made applicable to

the FAA personnel management system, both the VEOA itself and the later-enacted Ford Act expressly revised these specifically enumerated provisions yet neither added section 3330(a). *See* 49 U.S.C. § 40122(g)(2); Pub. L. No. 105-339, § 5, 112 Stat. 3187. Notably, this court has stated that "[b]etween 1996, when Congress passed the DOT Act, and 2000, when it passed the Ford Act, the Board did not have jurisdiction over any FAA appeals . . . ." *Roche v. Merit Sys. Prot. Bd.*, 596 F.3d 1375, 1378 (Fed. Cir. 2010).

Still further, Morse's reliance on section 40122(g)(3) as an expression of congressional intent is flawed. While section 40122(g)(3) restored to FAA personnel rights of appeal that had existed on March 31, 1996, the VEOA was not enacted until 1998. Pub. L. No. 105-339, 112 Stat. 3182; *Belhumeur*, 104 M.S.P.R. at 410. Restoration of rights of appeal existing as of March 31, 1996 are therefore immaterial.

Finally, section 40122(g)(2)(A) of the Ford Act includes a new enumerated exception for Board jurisdiction over whistleblower reprisal claims against the FAA, but includes no analogous exception for Board jurisdiction over violations of veterans' preference rights. Before the Ford Act, this court held that the Board lacked jurisdiction to hear whistleblower reprisal claims against the FAA, even though substantive whistleblower reprisal prohibition was included in the list of specifically excepted provisions to the bar against Title 5 applicability. *Diefenderfer*, 194 F.3d at 1278. Congress's subsequent action in modifying the DOT Act to provide the Board with jurisdiction over specific types of appeals against the FAA tellingly contrasts with its inactivity with respect to violations of veterans' preference rights. In determining what exceptions Congress intended to carve out of its general decree that Title 5 shall not apply to the FAA

personnel management system, this court cannot assume that Congress wished to act with a machete when it in fact used a scalpel. Accordingly, this court holds that the Board correctly determined that it lacked jurisdiction to consider Morse's claim that his non-selection for a position with the TSA violated his veterans' preference rights.

Mr. Morse argues that two additional sections of Title 5, sections 1204 and 7701, both enacted as part of the Ford Act, manifest Congress's intent to provide the Board with jurisdiction to hear claims of violations of veterans' preference rights asserted against the FAA. Neither section is material. Section 1204(a)(1) provides that the Board shall "hear, adjudicate or provide for the hearing or adjudication, of all matters within the jurisdiction of the Board . . . ." Thus, it does not confer jurisdiction; it merely provides that the Board can hear and adjudicate matters that it has jurisdiction to entertain. If the Board lacks jurisdiction to entertain VEOA claims, then section 1204(a)(1) is entirely inapplicable.

Section 7701 provides that "[a]n employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." But section 7701 "do[es] not grant the Board jurisdiction." *Belhumeur*, 104 M.S.P.R. at 411; *see Roche*, 596 F.3d at 1380 ("5 U.S.C. § 7701. . . does not independently provide the Board with jurisdiction over specific types of actions.")

"This Court has repeatedly recognized that the Board's jurisdiction is not plenary; rather, it is limited to actions designated as appealable to the Board 'under any law, rule or regulation.'" *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed. Cir. 2000) (quoting 5 U.S.C. § 7701(a)). While 35 U.S.C. §§ 3308-20 relating to veterans' preference rights apply to FAA applicants and employees,

section 3330(a), which grants the Board jurisdiction over violations of these rights, does not.

## IV

Although the clear language of the pertinent statutory provisions controls, this court notes that the statutory scheme creates a discrepancy because it grants substantive rights to preference eligible veterans in the FAA while not affording those veterans Board appeal rights. However, "[o]ur individual appraisal of the wisdom or unwisdom of a particular course consciously selected by the Congress is to be put aside in the process of interpreting a statute." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 194 (1978). Our role is merely "to interpret the language of the statute enacted by Congress." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461 (2002).

The Ford Act revisited the list of specifically enumerated exceptions made applicable to FAA employees. Of particular relevance, the Ford Act added the provision granting the Board jurisdiction to entertain whistleblower reprisal claims, 5 U.S.C. § 1221, after this court held that the DOT Act did not grant the Board jurisdiction to hear such claims for FAA employees even though whistleblower protection was included among the specifically enumerated exceptions. 49 U.S.C. § 40122(g)(2); *Diefenderfer*, 194 F.3d at 1278. This case may highlight a similar discrepancy.

## AFFIRMED