NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**DAVID JOHNSON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3064

---

Petition for review of the Merit Systems Protection Board in Case No. CH315H100653-I-1.

---

Decided: July 13, 2011

---

DAVID JOHNSON, of Oak Park, Illinois, pro se.

DAVID S. BROOKS, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge*, and NEWMAN and REYNA,
*Circuit Judges*.

PER CURIAM.

David Johnson appeals the decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *Johnson v. Dep't of Treasury*, No. CH-315H-10-0653-I-1 (M.S.P.B. June 14, 2010) ("Initial Decision"), (M.S.P.B. Nov. 23, 2010) ("Final Order"). This court *affirms*.

I

Mr. Johnson's start date with the Internal Revenue Service was June 22, 2009. **RA82.** In May of 2010, the Internal Revenue Service terminated Mr. Johnson from a GS-13 Revenue Agent position. **RA15.** Mr. Johnson had been a probationary employee for eleven months at the time of his termination. Mr. Johnson received a final decision from the agency on May 10, 2010, effective May 14, 2010, affirming the agency's decision to terminate him. **RA21.**

On May 27, 2010, Mr. Johnson filed an appeal challenging the agency's decision to terminate. On May 28, the Board issued an order explaining that probationary employees who have less than one year of current, continuous service in the competitive service had no rights of appeal to the Board. The Board informed Mr. Johnson that he could submit evidence or argument establishing why his appeal should not be dismissed for lack of jurisdiction. **RA19.**

Mr. Johnson filed a supplemental appeal form, identifying an Office of Personnel Management ("OPM") employment practices claim. **RA21.** Mr. Johnson alleged

that the performance appraisal system promulgated by OPM failed to provide accurate evaluation standards and did not serve as objective benchmarks for all employees. **RA22.** He further alleged that he was not given an opportunity to compete for a GS-14 position of Senior Flow-Through Specialist because the one-year time-in-grade requirement was unfairly applied. **RA22.**

On June 14, 2010, Mr. Johnson's appeal was dismissed. Initial Decision at 1. The Board held that Mr. Johnson had no statutory right of appeal because he was terminated during a probationary period. Initial Decision at 2. Mr. Johnson thereafter filed a petition for review with the Board, again contending that his termination violated the performance appraisal system established under Chapter 43 of Title 5. **RA40-41.** Mr. Johnson reiterated his contention that the one-year time-in-grade requirement should have been applied differently in his application for the Senior Flow-Through Specialist position. **RA41.**

In his petition for review, Mr. Johnson submitted documentation which he purported to show that he applied for the GS-14 Senior Flow-Through Specialist position. **RA78-79.** In response, the Agency submitted the sworn affidavit of a Senior Human Resources Specialist for the Internal Revenue Service, which stated that Mr. Johnson "never submitted an application for any of these vacancy announcements. As such, his application could not be considered, nor could he have been evaluated to determine whether he met the requirements for the position." **RA81.**

In a Final Order issued November 23, 2010, the Board denied Mr. Johnson's petition for review. Final Order at 2. The Board held that Mr. Johnson has no appeal rights

under Chapter 43 of Title 5 because the chapter does not apply to termination of an employee in the competitive service who is serving a probationary period. *Id.* The Board acknowledged that time-in-grade requirements may be appealable under controlling law, but held that Mr. Johnson's allegation that the time-in-grade restrictions were misapplied did not meet the required "non-frivolous" threshold. *Id.* at 3-4.

This appeal followed. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

The Board's jurisdiction is not plenary; rather, it is limited to actions designated as appealable to the Board under any law, rule, or regulation. *Morse v. Merit Sys. Prot. Bd.*, 621 F.3d 1346, 1350 (Fed. Cir. 2010). This court reviews the Board's decisions regarding jurisdiction without deference. *Butler v. Soc. Sec. Admin.*, 331 F.3d 1368, 1371-72 (Fed. Cir. 2003).

Mr. Johnson appeals on the basis of three separate theories. First, Mr. Johnson asserts that the Board had jurisdiction over a performance standards challenge. **RA24-28, 37, 40-41.** Second, Mr. Johnson argues that the Board had jurisdiction over his position reclassification claim pursuant to 5 U.S.C. § 5114. Third, Mr. Johnson alleges the Board deprived him of his due process rights for a full and fair hearing. We take each of these theories in turn.

Except for situations involving allegations of discrimination based on marital status or partisan political activity—neither of which Mr. Johnson asserts—the Board has no jurisdiction to review an adverse personnel

action taken against a government employee during his probationary period. 5 U.S.C. § 4303(f)(2) (2000); 5 C.F.R. § 315.806(b) (1990); *Collins v. Merit Sys. Prot. Bd.*, 978 F.2d 675, 679 (Fed. Cir. 1992). Indeed, the statute excludes Board appeal rights for probationary employees. 5 U.S.C. § 4303(f)(2). Accordingly, the Board correctly held it lacked jurisdiction over Mr. Johnson's challenge to his performance standards.

Mr. Johnson's allegation that the Board has jurisdiction over his position reclassification claim is also without merit. Mr. Johnson cites 5 U.S.C. § 5114 to support his argument, but this section was repealed in 1986. Pub.L. 99-386, Title I, § 110(a), Aug. 22, 1986, 100 Stat. 822. Based on his most recent submission to the Board, Mr. Johnson likely intended to refer generally to 5 U.S.C. §§ 5101-5115 (2006), as he alleged that the agency had refused to reclassify his position from the GS-13 level to the GS-14 level in violation of 5 U.S.C. §§ 5101 et seq. Although 5 U.S.C. §§ 5110 and 5112 authorize OPM to review position classifications, the Board has no authority to hear appeals of such reviews. *Saunders v. Merit Sys. Prot. Bd.*, 757 F.2d 1288, 1290 (Fed. Cir. 1985). This court's decision in *Meeker v. Merit Systems Protection Board* held that two conditions must be met to provide the Board jurisdiction: first, the appeal must concern an "employment practice" subject to review by the Board; and second, the allegation that the employment practice has violated "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103 must be nonfrivolous. 319 F.3d 1368, 1373 (Fed. Cir. 2003). In this case, Mr. Johnson has not identified an employment practice that is subject to review by the Board in his appeal; and second, he has not made a nonfrivolous allegation that he has been deprived of one of the "basic requirements" set forth in § 300.103. As such, the Board was correct in its deter-

mination that it lacked authority to hear Mr. Johnson's appeal.

Mr. Johnson alleges that he has been deprived of due process of law because he did not receive a hearing of the evidence against the agency. Mr. Johnson stated in his reply brief that "the Board has the authority to enforce Article 13 of the National Treasury Employees Agreement which is a property right protected by the Constitution of the United States as held by the Supreme Court in *Sinderman*." **RA-74.** We hold that the Board committed no error. "There is no statutory authority requiring the [Board] to hold a hearing on the threshold issue of jurisdiction." *Manning v. Merit Sys. Prot. Bd.*, 742 F.2d 1424, 1427 (Fed. Cir. 1984). The right to a hearing applies "only after jurisdiction has been properly invoked." *Id.* at 1428. Because the Board did not have jurisdiction over the claims raised by Mr. Johnson, the Board did not have jurisdiction over his due process claim.

Mr. Johnson raised several other theories before the Board, including his time-in-grade employment practices claim. Because he has not appealed those theories, this court does not address them here. Accordingly, this court affirms the decision of the Board dismissing Mr. Johnson's appeal for lack of jurisdiction.

## AFFIRMED

Each party shall bear its own costs.