## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DOMONIC MEDLEY, | DOCKET NUMBER |
| Appellant, | SF-3330-14-0325-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: October 16, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Domonic Medley, Sacramento, California, pro se.

Coleen L. Welch, Esquire, Martinez, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied the appeal of his nonselection for a vacant position. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction.

¶2        The agency posted a vacancy announcement for the position of "Registered Nurse (ER)." Initial Appeal File (IAF), Tab 6 at 44-49. Among other things, the posting specified that in order to be highly qualified, a candidate needed 2-3 years of experience working in an emergency room setting. *Id*. at 45. The appellant did not have that experience but applied for the position declaring a veterans' preference. *See id*. at 36-41 (appellant's résumé). The agency selected another candidate, who did not have veterans' preference but did have extensive experience. *Id*. at 9-10 (explanations of the selection), 42-43 (selectee's résumé).

¶3        After his nonselection, the appellant filed a Veterans Employment Opportunities Act of 1998 (VEOA) complaint with the Department of Labor (DOL). IAF, Tab 1 at 10-19. The complaint alleged that the agency used an unfair interview process in which the selecting official and two staff nurses interviewed all other candidates, but he was only interviewed by the two staff nurses. *Id*. at 11. The selecting official was unavailable the day of the appellant's interview due to a family emergency. *Id*. at 11-12. DOL investigated the complaint, concluding that the appellant was a VEOA-eligible veteran whose application was accepted and considered. *Id*. at 8. However, DOL also

concluded that the job posting was a merit promotion announcement not subject to the application of veterans' preference in the selection process. *Id.*

¶4　　The appellant filed a timely appeal to the Board. *Id.* at 2-6. Again, the appellant alleged that the agency's interview process was unfair. *Id.* at 6. The administrative judge explained the appellant's burden of proof under VEOA and indicated that he was entitled to a hearing on the merits of his claim only if there was a genuine dispute of material fact. IAF, Tab 3 at 1-6. Both parties responded. IAF, Tabs 5-7, 9-10. Among other things, the agency argued that the Board lacked jurisdiction over the appeal. IAF, Tab 6 at 6.

¶5　　Without holding the requested hearing, the administrative judge denied the appeal on its merits. IAF, Tab 1 at 3, Tab 11, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

The Board lacks jurisdiction over the appellant's claim.

¶6　　Before denying the appeal on its merits, the administrative judge found that the appellant had established Board jurisdiction. ID at 5. We disagree.

¶7　　Ordinarily, VEOA provides a means for qualified veterans to seek redress from the Board for violations of veterans' preference rights and denials of the right to compete for certain vacancy announcements. *See* 5 U.S.C. § 3330a(a)(1)(A)-(B); *see also Vores v. Department of Army*, 109 M.S.P.R. 191, ¶ 17 (2008) (providing the jurisdictional test for a VEOA veterans' preference claim), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009); *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010) (providing the jurisdictional test for a VEOA right-to-compete claim). However, there are exceptions to VEOA's applicability. *E.g.*, *Morse v. Merit Systems Protection Board*, 621 F.3d 1346, 1349-50 (Fed. Cir. 2010) (VEOA does not apply to the Transportation Security Administration); *Scarnati v. Department of Veterans Affairs*, 344 F.3d 1246,

1248-49 (Fed. Cir. 2003) (VEOA does not apply to the appointment of health-care professionals under 38 U.S.C. § 7401(1)).

¶8        In *Scarnati*, our reviewing court examined the application of VEOA to the appointment of health-care professionals at the Veterans Health Administration (VHA).  Such appointments fall within the authority of Title 38, chapter 74, not Title 5.  *Scarnati*, 344 F.3d at 1247; 38 U.S.C. § 7401(1).  The court found that Congress provided the agency broad discretion in making these appointments.  *Scarnati*, 344 F.3d at 1247-48.  Specifically, the civil-service requirements of Title 5 do not apply to the appointment of nurses or other health-care professionals listed in 38 U.S.C. § 7401(1).  *See* 38 U.S.C. §§ 7403(a)(1), (2)(E), 7425(b); *see also Scarnati*, 344 F.3d at 1248.  The court explained, "though [VEOA] may appear on its face to cover any allegation by a preference eligible that veterans' preference rights have been violated, by the terms of the statute governing VHA appointments, Congress has specifically exempted such appointments from the VEOA process."  *Scarnati*, 344 F.3d at 1248.

¶9        Here, the agency's vacancy announcement specified that the job was a health-related position covered by Title 38.  IAF, Tab 6 at 44.  The agency argued that, because the registered nursing vacancy at issue was a health-care position at the VHA covered by Title 38, VEOA did not apply.  *See id.* at 6 (citing *Scarnati*, 344 F.3d at 1249); *see also* 38 U.S.C. §§ 7401(1), 7403(a)(2)(E).  The appellant did not present any argument or evidence to the contrary.  Instead, he asserted that the agency's interview process violated his preference rights.  IAF, Tab 9 at 4.

¶10       The administrative judge failed to address the agency's argument and evidence that this Title 38 appointment fell outside the scope of VEOA.  Instead, he construed the appeal as one of veterans' preference, rather than a right-to-compete claim, and found that the appellant met his jurisdictional burden under VEOA.  *See* ID at 3-5.  The administrative judge applied VEOA, citing the agency's policy of considering an applicant's veteran status as a positive factor in

the evaluation process. ID at 5 (citing IAF, Tab 6 at 60). In doing so, the administrative judge erred.

¶11 Appointments made under 38 U.S.C. § 7401(1) are not subject to the civil-service requirements of Title 5, including the redress procedures of VEOA. *Scarnati*, 344 F.3d at 1248. VEOA does not provide jurisdiction even if the agency has an internal veterans' preference policy for the appointment of medical professionals under 38 U.S.C. § 7401(1). *Id*. at 1249. Accordingly, VEOA does not provide Board jurisdiction in this appeal, regardless of whether the appellant's claim is construed as one of veterans' preference or a right-to-compete, and despite the agency's internal policy.

¶12 Because the Board lacks jurisdiction over the appellant's VEOA claim, the administrative judge erred in adjudicating it on the merits and we therefore vacate the administrative judge's findings in this regard. *See Burroughs v. Department of Army*, 115 M.S.P.R. 656, ¶ 10 (citing *Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000) (the Board must first resolve the threshold issue of jurisdiction before proceeding to the merits of an appeal)), *aff'd*, 445 F. App'x 347 (Fed. Cir. 2011). We therefore dismiss the appeal for lack of jurisdiction.

The Board will not consider the appellant's newly-submitted evidence.

¶13 With his petition for review, the appellant attached portions of several reports, directives, and general guidance from varying agencies that include the Board, the Department of State, the Department of Labor, and the Equal Employment Opportunity Commission. PFR File, Tab 1 at 5-17. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Further, the evidence must be of sufficient

weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶14     While one of the appellant's attachments is dated after the hearing, PFR File, Tab 1 at 12 ("VA Directive 5975"), the appellant failed to demonstrate that it warrants a different outcome. With the remaining attachments, PFR File, Tab 1 at 5-17, the appellant failed to show that he exercised due diligence in obtaining them before the record closed below. Therefore, we will not consider any of the appellant's newly-submitted evidence.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.