**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHARLES E. SPRATT,
               Appellant,

       v.

DEPARTMENT OF
   TRANSPORTATION,
               Agency.

DOCKET NUMBER
AT-3330-14-0661-I-1

DATE: November 4, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Norman Jackman, Esquire, Cambridge, Massachusetts, for the appellant.

Jennifer D. Ambrose, Esquire, and Sara Jo Prose, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed, for lack of jurisdiction, his appeal claiming that the Federal Aviation Administration (FAA) violated his veterans' preference rights under the Veterans

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a preference eligible veteran, applied for the position of Air Traffic Control Specialist Trainee with the FAA. Initial Appeal File (IAF), Tab 1 at 5, 9. The appellant received notification that he was ineligible for the position because he exceeded the maximum entry age requirement. *Id*. at 11. After exhausting his administrative remedy with the Department of Labor (DOL), the appellant filed a Board appeal challenging his nonselection. *Id*. at 1, 4-5, 11-12. In his appeal, the appellant argued that his nonselection constituted a violation of his veterans' preference rights because, under 5 U.S.C. § 3312(a)(1), the agency is required to waive the age requirement for preference eligible applicants "unless the requirement is essential to the performance of the duties of the position." *Id*. at 5.

¶3 The administrative judge issued a show cause order notifying the appellant of his burden to establish jurisdiction and of the relevant proof requirements under VEOA. *See* IAF, Tab 4. In the show cause order, the administrative judge

informed the appellant that, among other things, FAA applicants and employees do not have the right to appeal alleged violations of veterans' preference rights to the Board. *Id*. at 2-3.

¶4 In response, the appellant argued that the Board had jurisdiction over his appeal because the FAA failed to follow its own regulations regarding the hiring of retired military officers. IAF, Tab 6 at 4. He also argued that "[h]e is exactly what the FAA is looking for and it failed to find because of what may simply be a mistake in the computer program announcement." *Id*. at 5. The agency moved to dismiss the appeal, arguing that the Board lacked jurisdiction over the veterans' preference claims raised by the appellant because the FAA is not subject to VEOA. IAF, Tab 8 at 4-6. The agency also argued that the appellant had not raised any other appealable claims because he is not an "employee," within the meaning of 5 U.S.C. chapter 75, entitled to Board appeal rights. *Id*. at 6. The appellant responded in opposition to the agency's motion, reiterating his argument that the agency violated its own regulations and urging the administrative judge to decide the case in his favor. IAF, Tab 11 at 5.

¶5 The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 1 at 2, Tab 12, Initial Decision (ID) at 4. In reaching his decision, the administrative judge found that there is no law, rule, or regulation giving the Board jurisdiction over alleged violations of veterans' preference rights by the FAA. ID at 4. Regarding the appellant's claim that the agency committed a prohibited personnel practice, the administrative judge found that the Board had no authority to review his claim absent an otherwise appealable action. ID at 4. The appellant filed a petition for review of the initial decision, and the agency filed a response in opposition to his petition. Petition for Review (PFR) File, Tabs 1, 3.

¶6 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A nonselection is not

defined as an adverse action under 5 U.S.C. § 7512 appealable to the Board. *See Belhumeur v. Department of Transportation,* 104 M.S.P.R. 408, ¶ 5 (2007). Under VEOA, however, a preference eligible veteran who alleges that an agency has violated his rights "under any statute or regulation related to veterans' preference," and who has exhausted those rights under that section before DOL, may file an appeal with the Board. *See* 5 U.S.C. § 3330a(a)(1).

¶7        To establish jurisdiction over an appeal under 5 U.S.C. § 3330a (VEOA), the appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that he:  (a) is a preference eligible within the meaning of the VEOA, (b) the action at issue took place on or after October 30, 1998, and (c) the agency violated a statute or regulation relating to veterans' preference.  5 U.S.C. § 3330a; *Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 6 (2006).  It is undisputed that the appellant satisfied these jurisdictional requirements.  ID at 3.  However, we agree with the administrative judge's finding that the Board lacks jurisdiction over this appeal because the FAA, the agency charged with violating the appellant's veterans' preference rights, is not subject to 5 U.S.C. § 3330a.  ID at 3-4; *Morse v. Merit Systems Protection Board*, 621 F.3d 1346, 1348-51 (Fed. Cir. 2010); *see Belhumeur*, 104 M.S.P.R. 408, ¶¶ 5-8.

¶8        The appellant's primary argument on review is that the Board has jurisdiction over his appeal because the agency committed a prohibited personnel practice in violation of 5 U.S.C. § 2302(b)(11).  PFR File, Tab 1 at 4-5.  Under 5 U.S.C. § 2302(b)(11), it is a prohibited personnel practice for an employee to "knowingly take, recommend, or approve any personnel action if the taking of such action would violate a veterans' preference requirement"; or to "knowingly fail to take, recommend, or approve any personnel action if the failure to take such action would violate a veterans' preference requirement."  *Id*. at 5.  The appellant also argues, for the first time on review, that the Board has jurisdiction

over his appeal because the agency's actions constituted age discrimination. *Id.* at 5.

¶9      Contrary to the appellant's argument on review, the Board does not have jurisdiction over discrimination claims absent an otherwise appealable action. *See id.*; 5 U.S.C. § 7702(a)(1); *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012) (citation omitted). Furthermore, prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *Pridgen*, 117 M.S.P.R. 665, ¶ 7; *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). We therefore find no reason to disturb the administrative judge's initial decision dismissing this appeal for lack of jurisdiction. ID at 4.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.