# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2015 MSPB 55

Docket No. CB-7521-13-0182-A-1

## Gerald I. Krafsur,

## Petitioner,

## v.

## Social Security Administration,

## Respondent.

October 6, 2015

Charlton R. DeVault, Jr., Esquire, Kingsport, Tennessee, for the petitioner.

Brian Seinberg, Esquire, Erika A. Abalo, Esquire, and Richard V. Blake, Atlanta, Georgia, for the respondent.

Meeka S. Drayton, Esquire, Seattle, Washington, for the respondent.

Sharese M. Reyes, Esquire, Baltimore, Maryland, for the respondent.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The petitioner[1] has filed a petition for review of the addendum initial decision, which denied his motion for attorney fees. For the reasons set forth

---

[1] During the merits phase of this case, Administrative Law Judge Gerald I. Krafsur was the respondent, and the agency was the petitioner. *See Social Security Administration v. Krafsur*, MSPB Docket No. CB-7521-13-0182-T-1, Initial Appeal File, Tab 49, Initial Decision at 1. However, during the attorney fees phase of this case, Mr. Krafsur is the petitioner, and the agency is the respondent. *See, e.g.*, *Santella v. Special Counsel*, 86 M.S.P.R. 48, ¶ 2 n.1 (2000) (finding that, in a proceeding for

below, we DENY the petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order to clarify the statutory authority applicable to the petitioner's request for attorney fees.

## BACKGROUND

¶2    The petitioner is an administrative law judge in the agency's Office of Disability and Adjudication Review. *Social Security Administration v. Krafsur*, MSPB Docket No. CB-7521-13-0182-T-1, Initial Appeal File (T-1 IAF), Tab 1 at 2-3.  In April 2013, the agency filed a complaint with the Board seeking to suspend the petitioner for 120 days based on charges of neglect of duty and conduct unbecoming an administrative law judge.  *Id*. at 2-16.  Approximately 1 year later, in April 2014, the agency submitted an amended complaint proposing to suspend the petitioner for only 45 days.[2]  T-1 IAF, Tab 29 at 4, Tab 30 at 4-14.  The administrative law judge assigned to adjudicate the matter for the Board dismissed the amended complaint after finding it was prejudicial to the petitioner, but denied the petitioner's motion to dismiss the original complaint.  T-1 IAF, Tab 36; *see* T-1 IAF, Tab 35.

¶3    Shortly thereafter, in May 2014, the agency filed a pleading indicating that it wished to withdraw the original complaint, or in the alternative, for the assigned administrative law judge to voluntarily dismiss the complaint without prejudice.  T-1 IAF, Tab 44 at 4-5.  The petitioner opposed the motion, arguing that the complaint should be dismissed with prejudice.  T-1 IAF, Tab 46 at 2, 4-6.

disciplinary action pursuant to 5 U.S.C. § 1215, the employees that the Office of Special Counsel (OSC) sought to discipline were respondents during the merits phase of the case, but petitioners during the attorney fees phase), *aff'd on recons.*, 90 M.S.P.R. 172 (2001), *aff'd*, 328 F.3d 1374 (Fed. Cir. 2003).  For purposes of clarity and consistency, throughout this Opinion and Order, we will refer to Mr. Krafsur as the petitioner and the agency as the respondent.

[2] In the amended complaint, the agency proposed to suspend the petitioner based on charges of failure to follow agency policy and conduct unbecoming an administrative law judge.  T-1 IAF, Tab 30 at 9-13.

The assigned administrative law judge issued an initial decision granting the agency's motion to dismiss the complaint without prejudice.[3]  T-1 IAF, Tab 49, Initial Decision (T-1 ID).

¶4       The petitioner filed a petition for review, arguing, among other things, that the assigned administrative law judge should have dismissed the complaint with prejudice and awarded him attorney fees.  *Social Security Administration v. Krafsur*, MSPB Docket No. CB-7521-13-0182-T-1, Petition for Review (T-1 PFR) File, Tab 1 at 2, 18-22, Tab 10 at 2-5, 15.  The Board issued a nonprecedential final order denying the petition for review and affirming the initial decision as modified to dismiss the complaint as withdrawn, as the agency had requested in the alternative below.  *Social Security Administration v. Krafsur*, MSPB Docket No. CB-7521-13-0182-T-1, Final Order at 3 (Dec. 30, 2014) (Final Order); T-1 IAF, Tab 44 at 4-5.  The Board declined to reach the issue of whether the petitioner was entitled to attorney fees, because it had not yet issued a final decision in the proceedings.  Final Order at 3-4.

¶5       Approximately 2 months later, the petitioner filed a motion for attorney fees.  *Krafsur v. Social Security Administration*, MSPB Docket No. CB-7521-13-0182-A-1, Attorney Fees File (AFF), Tab 1.  The assigned administrative law judge[4] denied the motion on the ground that the agency's voluntary withdrawal of the complaint and the Board's nonprecedential final order dismissing the

---

[3] One week after that initial decision was issued, the agency filed a new complaint with the Board, seeking to remove the petitioner based upon a single charge of neglect of duty.  *See Social Security Administration v. Krafsur*, MSPB Docket No. CB-7521-14-0016-T-1, Initial Appeal File, Tab 1.  The suspension and removal complaints do not involve the same conduct; the conduct that is at issue in the removal complaint occurred during a different time period.  *See* T-1 IAF, Tab 1 at 2, 7-14; *Social Security Administration v. Krafsur*, MSPB Docket No. CB-7521-14-0016-T-1, Tab 1 at 10-11.  The removal complaint currently remains pending before the Board.

[4] The attorney fees phase of the case was assigned to a different administrative law judge than the one who adjudicated the merits phase.  *See* T-1 ID at 3; AFF, Tab 2.

complaint as withdrawn did not render the petitioner a prevailing party. AFF, Tab 6, Attorney Fees Initial Decision (AFID) at 1, 4-7.

¶6    The petitioner has filed a timely petition for review. Attorney Fees Petition for Review (AFPFR) File, Tab 1. The respondent has filed a response, and the petitioner has replied. AFPFR File, Tabs 4-5.

## ANALYSIS

¶7    In Board proceedings involving actions against administrative law judges under 5 U.S.C. § 7521, the Board may award attorney fees pursuant to the Equal Access to Justice Act (EAJA). *See* 5 U.S.C. § 504(a)(1); *National Labor Relations Board v. Boyce*, 51 M.S.P.R. 295, 299-300 (1991). To establish entitlement to an award of attorney fees under the EAJA, the petitioner must demonstrate that he is a "prevailing party."[5]  5 U.S.C. § 504(a)(1); *Boyce*, 51 M.S.P.R. at 300-01.

---

[5] In the attorney fees initial decision, the assigned administrative law judge erroneously cited 5 U.S.C. § 1204(m)(1) as the statutory authority applicable to the petitioner's request for attorney fees. *See* AFID at 1, 4, 7. Section 1204(m)(1) authorizes attorney fees in Board proceedings involving disciplinary complaints initiated by OSC pursuant to 5 U.S.C. § 1215, and is inapplicable to the present case. 5 U.S.C. §§ 1204(m)(1), 1215(a)(1), 7521; 5 C.F.R. § 1201.202(a)(7). However, this adjudicatory error was not prejudicial to the petitioner's substantive rights because 5 U.S.C. § 1204(m)(1) also requires the petitioner to establish that he is a prevailing party to demonstrate entitlement to attorney fees. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). We modify the initial decision to clarify that the EAJA, rather than 5 U.S.C. § 1204(m)(1), is the statutory authority applicable to the petitioner's request for attorney fees in this addendum proceeding.

On review, the parties assert that the Board also is authorized to award attorney fees in this matter pursuant to 5 U.S.C. § 7701(g)(1). *See* AFPFR File, Tab 3 at 7, 10, Tab 4 at 4-5. We need not decide this issue because, like the EAJA, 5 U.S.C. § 7701(g)(1) requires the petitioner to demonstrate that he is a prevailing party, which is the dispositive issue in these addendum proceedings. 5 U.S.C. §§ 504(a)(1), 7701(g)(1); *Sacco v. Department of Justice*, 90 M.S.P.R. 225, ¶ 6 (2001), *aff'd*, 317 F.3d 1384 (Fed. Cir. 2003).

¶8        Under *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 604 (2001), which the Board has expressly adopted, an appellant is considered to have prevailed and to be entitled to attorney fees only if he obtains an enforceable order resulting in a "material alteration of the legal relationship of the parties."  *Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 11 (2010).  A party prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the other.  *Id.*

¶9        On review, as he did below, the petitioner claims that he was a prevailing party because the agency withdrew the complaint without demonstrating that it had good cause to take disciplinary action against him, and the Board's nonprecedential final order subsequently dismissed the complaint as withdrawn. AFPFR File, Tab 1 at 8-15, Tab 4 at 8-10; AFF, Tab 1 at 4-5.  He contends that, in Board proceedings under 5 U.S.C. § 7521, the administrative law judge should be considered a prevailing party whenever the agency fails to establish that the administrative law judge should be disciplined.  AFPFR File, Tab 1 at 10-14, Tab 4 at 5-7.  We disagree.

¶10       In *Buckhannon*, the U.S. Supreme Court specifically rejected the "catalyst theory," whereby a party could be found to have prevailed based upon the opposing party's voluntary change of conduct after the filing of a lawsuit. 532 U.S. at 605-10.  Relying on *Buckhannon*, the Board has held repeatedly that, where an agency voluntarily and unilaterally rescinds an adverse action after an appellant files an appeal, and the Board subsequently dismisses the appeal as moot, the appellant is not a prevailing party.[6]  *See, e.g.*, *Sacco v. Department of*

---

[6] Although 5 U.S.C. 7701(g), rather than the EAJA, authorizes attorney fees in adverse action appeals, in applying the EAJA, the Board considers prior judicial interpretations

*Justice*, [90 M.S.P.R. 225](#), ¶¶ 2, 8 (2001) (finding that an appellant was not a prevailing party where the agency unilaterally rescinded her indefinite suspension and retroactively placed her on administrative leave), *aff'd*, 317 F.3d 1384 (Fed. Cir. 2003); *Nichols v. Department of Veterans Affairs*, [89 M.S.P.R. 554](#), ¶¶ 2, 13 (2001) (concluding that an appellant was not a prevailing party where the agency voluntary rescinded his 30-day suspension and provided him with back pay).  We perceive the agency's withdrawal of the complaint seeking to discipline the petitioner as analogous to an agency's decision to unilaterally rescind an adverse action against an employee for purposes of determining whether the petitioner was a prevailing party.

¶11      On review, the appellant argues that a different "prevailing party" standard should apply in Board proceedings under [5 U.S.C. § 7521](#) because, unlike adverse action appeals, such proceedings are initiated by the agency, and the administrative law judge is equivalent to a defendant rather than a plaintiff.[7] AFPFR File, Tab 1 at 3-15.  However, the Board previously has applied the *Buckhannon* prevailing party standard to cases arising under the Board's original jurisdiction.  *See, e.g.*, *Special Counsel v. Salas*, [119 M.S.P.R. 530](#), ¶ 6 (2013) (applying the *Buckhannon* standard in evaluating a request for attorney fees arising from a petition for disciplinary action initiated by the Office Special

---

of the term "prevailing party" under other fee-shifting statutes, including [5 U.S.C. § 7701](#)(g).  *Boyce*, 51 M.S.P.R. at 300-01.

[7] The petitioner further argues that proceedings against administrative law judges are distinguishable because, unlike adverse action appeals, the Board's regulations do not specifically authorize the agency to withdraw proceedings initiated pursuant to [5 U.S.C. § 7521](#).  *See* AFPFR File, Tab 1 at 9 & n.3, 12; *see also* [5 C.F.R. § 1201.29](#)(b).  We find that this distinction does not render the petitioner a prevailing party.  The Board previously has permitted the agency to withdraw proceedings initiated pursuant to [5 U.S.C. § 7521](#), and treated the agency's motion to withdraw as analogous to a motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  *See Social Security Administration v. Abell*, [47 M.S.P.R. 98](#), 100-01 (1991).  Such a dismissal is without prejudice unless otherwise specified.  Fed. R. Civ. P. 41(a)(2).

Counsel). In proceedings initiated by agencies, just as in proceedings initiated by employees, the Board has held that an employee is a prevailing party if he obtains an enforceable judgment against the agency or enforceable relief through a settlement agreement. *Id.*, ¶ 3.

¶12    Similarly, in adjudicating requests for attorney fees under the EAJA where the government has initiated, and subsequently withdrawn, complaints against individuals, U.S. circuit courts have held that subsequent dismissals without prejudice did not render those individuals prevailing parties. *See, e.g.*, *Turner v. National Transportation Safety Board*, 608 F.3d 12, 13, 15-16 (D.C. Cir. 2010) (determining that two pilots were not prevailing parties under the EAJA where the Federal Aviation Administration (FAA) voluntarily withdrew its complaints against them, and their appeal of the charges at issue in the complaints was dismissed without prejudice); *United States v. Milner*, 583 F.3d 1174, 1196-97 (9th Cir. 2009) (noting that defendants were not prevailing parties where the government sued them for alleged violations of the Clean Water Act, 33 U.S.C. § 1311, and subsequently dismissed the claims without prejudice). While these decisions are not controlling authority, we find them persuasive. *See Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39 (holding that decisions of the U.S. Court of Appeals for the Federal Circuit are controlling authority for the Board, whereas other circuit courts' decisions are persuasive, but not controlling, authority), *aff'd*, 844 F.2d 775 (Fed. Cir. 1987).

¶13    On review, as he did below, the petitioner also argues that he was a prevailing party because the Board's prior nonprecedential final order modified the initial decision to dismiss the agency's complaint as withdrawn, rather than dismissed without prejudice. AFPFR File, Tab 1 at 3, Tab 4 at 9; AFF, Tab 1 at 4-5. We disagree. Whether a party is a prevailing party depends on the relief ordered in the Board's final decision. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 9 (2011). Here, the agency unilaterally and voluntarily initiated the withdrawal of the complaint. T-1 IAF, Tab 44 at 4-5.

The prior nonprecedential final order did not direct the agency to take any action, and was not akin to a judgment on the merits or a court-ordered consent decree. *See Buckhannon*, 532 U.S. at 604; *Baldwin*, 115 M.S.P.R. 413, ¶ 11.  We further agree with the assigned administrative law judge that the voluntary withdrawal of a complaint is not equivalent to a dismissal with prejudice.  *See* AFID at 6; *see also Abell*, 47 M.S.P.R. at 100-01 (addressing the fact that the Board may look to the Federal Rules of Civil Procedure for guidance); Fed. R. Civ. P. 41(a)(2) (when a court dismisses an action at a plaintiff's request, unless the dismissal order states otherwise, the dismissal is without prejudice).  Therefore, our prior final order did not award the petitioner any relief on the merits, or materially alter the legal relationship between the parties, because it did not prohibit the agency from refiling a new complaint based on the same charges.[8]  *See RFR Industries, Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1352-53 (Fed. Cir. 2007) (concluding that a defendant was not a prevailing party where a plaintiff voluntarily dismissed an action without prejudice because the plaintiff was free to refile the action).

¶14     Finally, the appellant contends that the agency's accusations against him were false and it abused the discovery process prior to withdrawing the complaint.  AFPFR File, Tab 1 at 17-18, Tab 4 at 10-11.  He further argues that

---

[8] In contrast, a dismissal with prejudice terminates any claims that one party may have against the other based on the same set of operative facts, and may constitute a judicially sanctioned material alteration in the legal relationship between the parties sufficient to confer prevailing-party status.  *See Green Aviation Management Company, LLC v. Federal Aviation Administration*, 676 F.3d 200, 201, 204-05 (D.C. Cir. 2012) (finding that a defendant was a prevailing party under the EAJA where the FAA withdrew a complaint and an administrative law judge subsequently dismissed the proceedings with prejudice); *Highway Equipment Company, Inc. v. FECO, Limited*, 469 F.3d 1027, 1030-31, 1035-36 (Fed. Cir. 2006) (determining that a defendant was a prevailing party under 35 U.S.C. § 285 where a plaintiff dismissed a patent infringement action with prejudice); *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005) (noting that a defendant was a prevailing party under 42 U.S.C. § 3613(c) where the plaintiff voluntarily dismissed an action under the Fair Housing Act, and the judge characterized the dismissal as being with prejudice).

he was prejudiced by being required to defend himself for over a year before the complaint was withdrawn by the agency.  AFPFR File, Tab 1 at 17-20.  These arguments, however, do not pertain to whether the petitioner is a prevailing party, a statutory prerequisite for an award of attorney fees under the EAJA, and we do not consider them further here.

## ORDER

¶15    This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.