**Richard A. SCARNATI, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3282.

United States Court of Appeals, Federal Circuit.

Sept. 25, 2003.

Richard A. Scarnati, of Columbus, OH, pro se.

Leslie C. Ohta, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With her on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director;

and Harold D. Lester, Jr., Assistant Director. Of counsel was Monica J. Palko, Attorney.

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PLAGER, Senior Circuit Judge.

The issue in this case, one of first impression in this court, is whether a physician who alleges that his veterans' preference rights have been violated when he is not selected for a position with the Veterans Health Administration (VHA) may appeal the alleged violation to the Merit Systems Protection Board (Board or MSPB) under the Veterans Employment Opportunities Act of 1998 (VEOA). Because appointments of physicians in the VHA are not subject to the provisions of the VEOA, we affirm the Board's dismissal of the appeal filed in this case.

BACKGROUND

Dr. Richard A. Scarnati, a veteran of the United States Army, applied for a position as a psychiatrist with the VHA within the Department of Veterans Affairs (DVA). When he was not selected for any of the vacant positions, Dr. Scarnati, pursuant to the VEOA, 5 U.S.C. § 3330a(a)(1), filed a complaint with the Secretary of Labor alleging that the VHA had violated his veterans' preference rights. After the Secretary of Labor was unable to resolve the complaint, Dr. Scarnati filed an appeal under the VEOA with the MSPB. *See* 5 U.S.C. § 3330a(d)(1).

Upon the Government's motion, the administrative judge (AJ) assigned to the case dismissed the appeal for lack of jurisdiction. The AJ held that appointments to the VHA made under 38 U.S.C. § 7401(1), including the appointments of physicians, are not subject to Title 5 of the United States Code. Therefore, the AJ determined, the provisions of the VEOA, which is a part of Title 5, do not apply to non-selections for positions listed in § 7401(1). Accordingly, Dr. Scarnati had no right of appeal to the Board under the VEOA.

The AJ's initial decision dismissing the appeal became final when the Board denied Dr. Scarnati's petition for review. Dr. Scarnati timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

■ This case requires us to examine the interplay between the Title 5 and Title 38 personnel systems. Part III of Title 5 pertains to employment in the federal government-wide civil service system. Within this part of Title 5, section 3330a sets forth a procedure for administrative redress for a preference eligible individual who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference for employment with the United States government. This section, known as the Veterans Employment Opportunities Act, was added to Title 5 in 1998, is codified in Title 5, chapter 33, in a subchapter entitled "Examination, Certification, and Appointment," and is part of the civil service appointment process.

The procedure under § 3330a involves intercession by the Secretary of Labor at the request of a complainant, and if that proves unavailing, the complainant may appeal the alleged violation to the Merit Systems Protection Board. (The right of appeal to the MSPB is in addition to any other basis for appeal to the MSPB the complainant may have under other provisions of law. 5 U.S.C. § 3330a(e)(1).)

Appointment of professional staff to the VHA, however, does not come under Title 5, but under Title 38, chapter 74, subchapter I–Appointments. In this subchapter,

Congress has given the Secretary of Veterans Affairs broad discretion to appoint to positions in the VHA "such personnel as the Secretary may find necessary for the medical care of veterans." 38 U.S.C. § 7401. One category of personnel that may be appointed to the VHA under § 7401 includes "[p]hysicians, dentists, podiatrists, optometrists, registered nurses, physician assistants, and expanded-function dental auxiliaries." *Id.* § 7401(1).

Importantly, appointments of those health-care professionals listed in § 7401(1) "may be made only after qualifications have been satisfactorily established in accordance with regulations prescribed by the Secretary, without regard to civil-service requirements." *Id.* § 7403(a)(1) (emphasis added). According to the plain language of the statute, provisions of Title 5 (the "civil-service requirements") do not govern the process for appointing physicians and other health-care professionals under § 7401(1). Thus, though § 3330a may appear on its face to cover any allegation by a preference eligible that veterans' preference rights have been violated, by the terms of the statute governing VHA appointments, Congress has specifically exempted such appointments from the VEOA process. *See Khan v. United States,* 201 F.3d 1375, 1380–81 (Fed.Cir. 2000) (holding that VHA physician appointments under Title 38 are outside the Title 5 competitive service appointment process).

This understanding finds conclusive support later in chapter 74 of Title 38. Section 7425(a) of Title 38 sets out specific laws to which health care professionals appointed under § 7401(1) of the Title are not subject. After listing a number of such laws, the statute in § 7425(b) states:

> Notwithstanding any other provision of law, no provision of title 5 or any other law pertaining to the civil service system which is inconsistent with any provision of ... this chapter [i.e., chapter 74 of Title 38] shall be considered to supersede, override, or otherwise modify such provision of this chapter except to the extent that such provision of title 5 or of such other law specifically provides, by specific reference to a provision of this chapter, or such provision to be superseded, overridden, or otherwise, modified.

From this it follows that any requirements under Title 5 relating to the civil service appointment process that are different from the Title 38 appointment requirements, including the redress procedures in 5 U.S.C. § 3330a, would be by definition "inconsistent" with the Title 38 appointment process. Nor does § 3330a contain any language stating that it supersedes, overrides, or otherwise modifies 38 U.S.C. § 7401. Indeed, § 3330a makes no reference whatsoever to Title 38. The statutes appear clear that, pursuant to 38 U.S.C. § 7425(b), 5 U.S.C. § 3330a cannot override the discretionary power given to the VHA to hire health care professionals under 38 U.S.C. § 7401(1) outside the civil service appointment process, including the veterans' preference requirements.

Dr. Scarnati argues that our recent decision in *James v. Von Zemenszky,* 284 F.3d 1310 (Fed.Cir.2002), supports his position that he may appeal his non-selection to the Board under 5 U.S.C. § 3330a. As we noted in *Von Zemenszky,* it is the case that the Title 5 and Title 38 personnel systems are not entirely separate and independent. Indeed, in the absence of overriding provisions in Title 38 or elsewhere, there appears to be no reason why medical personnel hired by the VHA would not be covered by many Title 5 provisions. *Von Zemenszky,* 284 F.3d at 1320.

In *Von Zemenszky,* a physician appealed her separation from her position with the DVA to the MSPB, asserting that she had been unlawfully separated as a result of a

reduction in force ("RIF"). The issue on appeal was whether the MSPB had jurisdiction over her complaint, or whether, as the DVA contended, the RIF provisions of Title 5 were inapplicable to a physician appointed under 38 U.S.C. § 7401(1). We concluded that there was nothing in Title 38 that overrode the general RIF requirements Congress had made applicable in Title 5 to all Executive agencies.

Further, § 7421(a), which authorized the Secretary of Veterans Affairs to set "conditions of employment," and DVA Directive 5111, which set forth agency policies governing "staff adjustments," were found to be not inconsistent with the Title 5 RIF requirements. Conditions of employment and staff adjustments do not encompass separations from service, and thus § 7425(b), barring the application of provisions of Title 5 that are "inconsistent" with the authorities of Title 38, was not implicated.

Accordingly, Dr. Scarnati's reliance on *Von Zemenszky* is misplaced. The *Von Zemenszky* case does not address the issue of whether a provision in Title 5 relating to the civil service appointment process applies to VHA appointments under 38 U.S.C. § 7401(1). As *Von Zemenszky* explained, "DVA medical professionals are presumably covered by many title 5 provisions," but only "in the absence of overriding provisions in title 38 or elsewhere." 284 F.3d at 1320. In the case before us, Congress clearly wrote in such overriding provisions.

■ We observe that, despite the absence of a statutory provision in Title 38 requiring the VHA to consider veterans' preference when hiring physicians, the VHA's policy is to give preference to qualified disabled veterans and preference eligibles "when qualifications of candidates are approximately equal." *VHA Supplement to VA Personnel Policy Manual MP–5,* Part II, ch. 2, § B, ¶ 3(a). However, the VHA's choice to implement a veterans' preference policy for physicians does not mean that the civil service provisions relating to veterans' preference and the redress mechanism for alleged violations of those provisions also apply to the hiring of physicians. The VHA's consideration of veterans' preference in appointing physicians and other medical professionals under 38 U.S.C. § 7401(1) is governed by the VHA provisions, independent of the Title 5 veterans' preference requirements for the appointment of civil service employees.

In sum, the VHA has discretionary authority to appoint health care personnel under 38 U.S.C. § 7401(1) without regard to civil service requirements. *See* 38 U.S.C. § 7403(a)(1). Because the procedures in 5 U.S.C. § 3330a, the VEOA, are part of the civil service appointment process, and are inconsistent with the discretion Congress has accorded the Secretary of Veterans Affairs, they do not apply to the appointment of medical professionals under 38 U.S.C. § 7401(1). An appeal to the Board under 5 U.S.C. § 3330a(d)(1) for an alleged violation of veterans' preference rights is not available to those applying for § 7401(1) positions; Dr. Scarnati does not have a right to appeal his non-selection for a position as a physician, and the Board properly dismissed his appeal for lack of jurisdiction.

We have considered Dr. Scarnati's other arguments, most of which focus on the merits of his cause, an issue not properly before us, and find them to be inapplicable or unpersuasive.

## CONCLUSION

The Board's dismissal of Dr. Scarnati's appeal is

*AFFIRMED.*