NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3268

TIMOTHY L. VORES,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS

Respondent.

_____

DECIDED:    November 5, 2004

_____

Before RADER, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Respondent Department of Veterans Affairs ("DVA") declined to accept petitioner Timothy L. Vores ("Vores") into a medical residency program.  Vores seeks review of the decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing his appeal for lack of jurisdiction.  <u>Vores v. DVA</u>, No. PH-3443-02-0318-I-1 (MSPB Nov. 22, 2003) ("Initial Decision").[1]  The Board held that it did not have jurisdiction over Vores' case because, under 38 U.S.C. §§ 7406 and 7425, appointments of residents in the Veterans Health Administration ("VHA") are not subject to the provisions of the Veterans Employment Act of 1998 ("VEOA").  We <u>affirm</u>.

---

[1]    This decision became final when the full board denied Vores' petition for review.  <u>Vores v. DVA</u>, No. PH-3443-02-0318-I-1 (MSPB Mar. 5, 2004).

BACKGROUND

Vores is a veteran of the Vietnam War who served in the United States Army from June 1969 until February 1971. He completed his medical training in Italy in 1994. On October 27, 2001, he applied for a residency at the VA Medical Center/Veterans Health Administration ("VHA") in Wilkes-Barre, Pennsylvania. On December 21, 2001, he was interviewed by members of the Clinical Competency Evaluation Committee, who concluded that he was not qualified to work at the Medical Center. He was informed by the DVA on January 22, 2002, that he had not been selected for the Internal Medicine Residency Program for the following academic year.

Vores filed a complaint with the Department of Labor ("DOL") on March 21, 2002, alleging that his non-selection for the residency program violated the Veterans Employment Act of 1998 ("VEOA"), 5 U.S.C. §§ 3330a-3330c (2000). The DOL notified him by post on July 1, 2002, that it was terminating its investigation, but that he had the right to appeal his claim to the MSPB.

In his appeal to the Board, Vores argued that his veterans' preference rights had been violated. Specifically, he argued that the DVA improperly considered the residency positions to be professional in status; to be subject to the discretionary hiring provisions 38 U.S.C. §§ 7401(1) and 7402(b)(1); and to be exempt from the VEOA. Vores argued that the residencies should instead be considered as supervised training positions that were governed by contractual agreement with the Accreditation Council for Graduate Medical Education.

The Board, in its Initial Decision, rejected Vores' arguments. Specifically, the administrative judge found that 38 U.S.C. § 7406 provided the VHA with the authority to

"establish residencies and internships and appoint qualified persons to such positions without regard to civil service or classification laws, rules, or regulations" and that these VHA regulations governed the residency in question. (Initial Decision at 4). He then found that "the VEOA does not apply to non-selections for appointments made by the agency pursuant to 38 U.S.C. § 7406." (Id. at 4-5). Noting that Board jurisdiction does not extend over all actions alleged to be incorrect, but rather is limited to those areas specifically granted by some law, rule or regulation, (Id. at 1-2, citing 5 U.S.C. § 7701(a) (2000); Todd v. MSPB, 55 F.3d 1574, 1576 (Fed. Cir. 1995)) and finding that Vores had failed to establish that any statute or regulations afforded a right to appeal to the Board, the administrative judge dismissed the appeal for lack of jurisdiction. (Id. at 1)

On January 6, 2003, Vores petitioned the full Board for review of the Initial Decision. On March 5, 2004, the Board denied Vores' petition for review.

Vores sought review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must sustain the Board's decision unless it is "found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

Section 1330a of Title 5 of the United States Code provides redress to the MSPB for preference eligible individuals who believe that their rights have been violated under any statute or regulation relating to veterans' preference for employment. Title 38 of the United States Code, chapter 74, subchapter I, governs appointments of professional

staff to the VHA. The question is whether the latter statute limits the former. We hold that it does.

Our decision in Scarnati v. DVA, 344 F.3d 1246 (Fed. Cir. 2003), examined this precise question. In Scarnati, a physician complained that his VEOA rights had been violated when the VHA failed to select him for a position. Id. at 1247. The agency argued that the VEOA was inapplicable because VHA hiring was exempted. The pertinent provisions governing appointment of physicians to the VHA are 38 U.S.C. §§ 7401(1) and 7403. Section 7403(a)(1) specifically provides that such appointments "may be made only after qualifications have been satisfactorily established in accordance with the regulations prescribed by the Secretary, without regard to civil-service requirements." (emphasis supplied.) Section 7425(b) further provides that:

> Notwithstanding any other provision of law, no provision of title 5 or any other law pertaining to the civil service system which is inconsistent with any provision of . . . this chapter shall be considered to supersede, override, or otherwise modify such provision of this chapter except to the extent that such provision of title 5 or of such other law specifically provides, by specific reference to a provision of this chapter.

With respect to the MSPB appeal rights of physicians not selected for the VHA, we found that "[t]he statutes appear clear that, pursuant to 38 U.S.C. § 7425(b), [the VEOA] cannot override the discretionary power given to the VHA to hire health care professionals under 38 U.S.C. § 7401(1) outside the civil service appointment process, including the veterans' preference requirements." Scarnati, 344 F.3d at 1248.

Vores' attempts to distinguish his case from Scarnati are to no avail. Section 7406(a)(1) of Title 38 governs the selection of VHA residents and is applicable here. It provides that the DVA "may appoint qualified persons to such positions without regard to civil service or classification laws, rules, or regulations" (emphasis supplied). This

language is identical in substance to the language of § 7403(a)(1) at issue in <u>Scarnati</u>. Like section 7403(a)(1), involved in <u>Scarnati</u>, section 7406(a)(1) also precludes appeal rights, and those rights are not saved by 5 U.S.C. § 3330a.  Thus, we find that 5 U.S.C. § 3330a cannot override the discretionary power given to the VHA to select residents under 38 U.S.C. § 7406 outside the civil service appointment process, including the veterans' preference requirements.

The petitioner finally argues that <u>Scarnati</u> was incorrectly decided, but as a panel we are bound to follow it.   <u>See, e.g.</u>, <u>Sacco v. Dept. of Justice</u>, 317 F.3d 1384, 1386 (Fed. Cir. 2003).  The other provision that Vores contends provides Board jurisdiction over his case, 5 U.S.C. § 2105(f) is inapposite.  Therefore, Vores does not have a right to appeal his non-selection, and the Board properly dismissed his appeal for lack of jurisdiction.

We have considered Vores' other arguments and find them to be unpersuasive.

## CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

## COSTS

No costs.