NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3148

HENRY J. MUMME, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Henry J. Mumme, Jr., of Amherst, New York, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3148

HENRY J. MUMME, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board
in NY3330080318-I-1.

_____

DECIDED: October 6, 2009

_____

Before NEWMAN, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Henry J. Mumme, Jr., petitions for review of a final decision of the Merit Systems Protection Board dismissing, for lack of jurisdiction, an appeal related to his not having been selected for a registered nurse position with the Veterans Health Administration. We affirm.

## BACKGROUND

On November 10, 2007, Mr. Mumme applied for a vacant registered nurse position with the Veterans Health Administration. On November 20, 2007, the agency

informed him that better qualified applicants had applied for the position and that he would therefore not be selected. Mr. Mumme then filed a claim with the Department of Labor's Veterans Employment Training Service ("VETS") claiming that his rights as a preference-eligible veteran had been violated during the hiring process. After VETS informed Mr. Mumme that it had closed his file, he appealed to the Merit Systems Protection Board.

Mr. Mumme argued to the Board that when the agency did not select him for the registered nurse position, it had violated the Veterans Employment Opportunities Act of 1998 ("VEOA"), codified at 5 U.S.C. § 3330a. The administrative judge who was assigned to the case issued an order directing Mr. Mumme to provide evidence and argument to establish the Board's jurisdiction and a second order to show cause why the appeal should not be dismissed for lack of jurisdiction under the reasoning of Scarnati v. Department of Veterans Affairs, 344 F.3d 1246 (Fed. Cir. 2003). Mr. Mumme responded by arguing that Scarnati was wrongly decided.

The administrative judge then issued an order holding that the Board lacked jurisdiction over Mr. Mumme's VEOA claim. The administrative judge found that the registered nurse position for which Mr. Mumme applied was in the Veterans Health Administration ("VHA") and that VHA appointments of medical professionals under 38 U.S.C. § 7401(1) are not subject to the VEOA. Relying on Scarnati, the administrative judge concluded: "An appeal to the Board under 5 U.S.C. § 3330a(d)(1) for an alleged violation of veterans' preference rights is not available to those applying for § 7401(1) positions." Mr. Mumme petitioned the full Board for review of that decision, and the petition was denied. Mr. Mumme then petitioned this court for review.

2009-3148                           2

DISCUSSION

Mr. Mumme's argument to this court consists entirely of reasons he believes we should overrule Scarnati v. Department of Veterans Affairs, 344 F.3d 1246 (Fed. Cir. 2003). He does not suggest that the Board failed to take into account any facts or otherwise committed legal error. Rather, his argument is that the Board should not have followed Scarnati because that case, and a line of related cases, see, e.g., Khan v. United States, 201 F.3d 1375 (Fed. Cir. 2000), was wrongly decided.

In Scarnati, this court addressed whether the Board had jurisdiction pursuant to the VEOA, 5 U.S.C. § 3330a(d)(1), over an appeal by a physician who alleged that he was not selected for a psychiatrist position in violation of his veterans' preference rights. The court outlined the structure of the relevant statutes, noting that Title 5 of the United States Code "pertains to employment in the federal government-wide civil service system" and that within Title 5, section 3330a contains provisions of the VEOA concerning veterans' preference rights. 344 F.3d at 1247. As the court explained, the appointment of professional staff to the Veterans Health Administration is a discretionary task assigned to the Secretary of Veterans Affairs under Title 38 Section 7401 of the United States Code and the appointment of these professionals "does not come under Title 5." 344 F.3d at 1247-48. The court specifically disposed of the argument that section 3330a should be read as covering any appointment within the government, stating that although section 3330a "may appear on its face to cover any allegation by a preference eligible that veterans' preference rights have been violated, by the terms of the statute governing VHA appointments, Congress has specifically exempted such appointments from the VEOA process." Id. at 1248. The court also

noted that 38 U.S.C. § 7425(a) provides that no provision of Title 5 that is inconsistent with any provision of Title 38, chapter 74, may override the Title 38 provision. Thus, the court explained, "5 U.S.C. § 3330a cannot override the discretionary power given to the VHA to hire health care professionals under 38 U.S.C. § 7401(1) outside the civil service appointment process, including the veterans' preference requirements." 344 F.3d at 1248.

The Scarnati court concluded:

In sum, the VHA has discretionary authority to appoint health care personnel under 38 U.S.C. § 7401(1) without regard to civil service requirements. See 38 U.S.C. § 7403(a)(1). Because the procedures in 5 U.S.C. § 3330a, the VEOA, are part of the civil service appointment process, and are inconsistent with the discretion Congress has accorded the Secretary of Veterans Affairs, they do not apply to the appointment of medical professionals under 38 U.S.C. § 7401(1). An appeal to the Board under 5 U.S.C. § 3330a(d)(1) for an alleged violation of veterans' preference rights is not available to those applying for § 7401(1) positions.

344 F.3d at 1249. Section 7401(1) lists professionals who are appointed under that section and therefore exempt from the VEOA. That list includes both physicians and nurses. 38 U.S.C. § 7401(1). Thus, Scarnati controls the disposition of the instant case. We therefore conclude that the Board lacked jurisdiction over Mr. Mumme's appeal. See Sacco v. Dep't of Justice, 317 F.3d 1384, 1386 (Fed. Cir. 2003) (panel of this court is bound by prior precedential panel decisions unless and until they are overturned by the en banc court).