NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID M. BRANDT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF VETERANS AFFAIRS,**
*Intervenor*

---

2022-1441

---

Petition for review of the Merit Systems Protection Board in No. SF-3330-22-0004-I-1.

---

Decided: September 7, 2022

---

DAVID BRANDT, Riverside, CA, pro se.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

ELIZABETH MARIE PULLIN, Commercial Litigation

Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY.

_____

Before PROST, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

When appellant David M. Brandt applied to the Veterans Health Administration (VHA), a component of the United States Department of Veterans Affairs, for a position as a nurse practitioner, VHA decided not to appoint him to the position, selecting someone else instead. After unsuccessfully complaining that VHA had denied him certain veterans-hiring rights protected by the Veterans Employment Opportunities Act of 1998 (VEOA), 5 U.S.C. § 3330a, Mr. Brandt appealed his non-selection for the VHA position to the Merit Systems Protection Board, invoking the VEOA for the substance of his claim and for the Board's jurisdiction, 5 U.S.C. § 3330a(a)(1)(A), (d)(1). The Board dismissed the appeal for lack of jurisdiction. *Brandt v. Dep't of Veterans Affairs*, No. SF-3330-22-0004-I-1, 2021 WL 5279319 (M.S.P.B. Nov. 9, 2021) (*Board Op.*). The Board followed this court's decision in *Scarnati v. Department of Veterans Affairs*, 344 F.3d 1246 (Fed. Cir. 2003), which held that VHA appointments of specified healthcare personnel made under 38 U.S.C. §§ 7401(1) and 7403(a)(1) are not subject to VEOA hiring provisions. We agree that this case comes within that holding and therefore affirm.

I

Mr. Brandt, a disabled veteran of the United States Air Force, from which he was honorably discharged after more than three years of active service, is undisputedly a preference-eligible veteran with, as relevant here, certain statutory rights related to federal government hiring. *See* 5 U.S.C. §§ 2108(3), 3304(f)(1), 3309–20. In 2021, he applied

to VHA for a position as a nurse practitioner, a type of specialized registered nurse. VHA tentatively found him eligible for the position, referred him to the hiring manager, but ultimately did not interview him.

After VHA hired someone else for the position, Mr. Brandt filed a complaint with the U.S. Department of Labor alleging that VHA, in not selecting him, had denied him the right to compete under 5 U.S.C. § 3304(f)(1) as well as certain rights given to preference-eligible veterans. The VEOA generally authorizes a preference-eligible veteran like Mr. Brandt to file a complaint with the Secretary of Labor to seek assistance in resolution of such allegations. 5 U.S.C. § 3330a(a)(1)(A), (B). It then authorizes the complainant, in specified circumstances after seeking relief through the Secretary, to appeal to the Board for an adjudication of the alleged agency violation. *Id.* § 3330a(d)(1); *see* 5 C.F.R. §§ 1201.3(b)(1), 1208.21–.26.

In the present matter, the Department of Labor completed its investigation and closed the case. Mr. Brandt then appealed VHA's non-selection of him to the Board under the VEOA, 5 U.S.C. § 3330a(d)(1). Although he asserted certain prohibited personnel practices in addition to the violations of the veteran-specific rights presented to the Department of Labor, *Board Op.* at 2,[1] it is undisputed before us that the Board's jurisdiction in this case depends on the applicability of § 3330a(d)(1): No other, independent source of Board jurisdiction is asserted to apply here.

The administrative judge assigned to the case ordered Mr. Brandt to address the Board's jurisdiction. After Mr. Brandt submitted additional factual allegations, the agency (the Department of Veterans Affairs, of which VHA

---

[1]    The Westlaw report of the opinion does not include page numbers. We give page numbers of the opinion as it appears in the petitioner's Appendix in this court.

is a part) moved to dismiss Mr. Brandt's appeal for lack of jurisdiction. The agency argued that the nurse-practitioner position at VHA is not subject to the hiring protections invoked by Mr. Brandt under the VEOA, as established by this court's decision in *Scarnati*, 344 F.3d at 1248, interpreting statutory provisions that govern certain VHA hiring. *Board Op.* at 3, 7.

The administrative judge granted the agency's motion and dismissed Mr. Brandt's appeal without a hearing. *Id.* at 10. To establish jurisdiction under the VEOA, Mr. Brandt had to establish that he exhausted his Department of Labor remedy and filed on time and to make nonfrivolous allegations that he is preference eligible for 5 U.S.C. § 3330a(a)(1)(A) or a veteran with the required service for 5 U.S.C. § 3330a(a)(1)(B) and—key here—that he possessed, and the agency violated, the hiring-related rights he invoked under those provisions. *See* 5 C.F.R. § 1201.57; *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012). The administrative judge explained that there was no dispute that Mr. Brandt was preference eligible and a qualifying veteran, that he timely filed his claims, and that he exhausted his administrative remedies. *Board Op.* at 6. The sole legal issue, the administrative judge stated, was whether the hiring-related provisions invoked under the VEOA applied to VHA's hiring to fill the nurse-practitioner position at issue. *Id.* The administrative judge agreed with the agency that, under our decision in *Scarnati*, dismissal for lack of jurisdiction was required because the hiring for the nurse-practitioner position is exempt from the VEOA-specified protections invoked by Mr. Brandt. *Id.* at 7–9.

The administrative judge's decision became the final decision of the Board on December 14, 2021. Mr. Brandt timely appealed, within the allowed 60 days. 5 U.S.C. § 7703(b)(1)(A). We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review a determination of the Board's jurisdiction de novo. *See Stoyanov v. Dep't of Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007). The Board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a).

Here, the Board relied on a legal determination—that the Title 5 hiring rights invoked by Mr. Brandt under the VEOA, for preference-eligible veterans and veterans with qualifying service, do not apply to VHA's hiring for the position at issue. The Board drew that conclusion based on our interpretation in *Scarnati* of the relevant Title 38 statutes. We agree with the Board's conclusion about the inapplicability of the legal rights claimed, and it follows, as *Scarnati* held, that the Board lacks jurisdiction under the VEOA.

Since before the VEOA was enacted in 1998, Title 38 has contained two provisions of importance to the issue presented, now in chapter 74 of Title 38, U.S. Code. Both concern appointments of specified medical professionals to staff VHA, which is headed by the Under Secretary of Health and is the component of the Department of Veterans Affairs whose "primary function" is "to provide a complete medical and hospital service for the medical care and treatment of veterans." 38 U.S.C. § 7301(a), (b). Section 7401 provides: "There may be appointed by the Secretary such personnel as the Secretary may find necessary for the health care of veterans (in addition to those in the Office of the Under Secretary for Health appointed under section 7306 of this title), as follows: (1) Physicians, dentists, podiatrists, chiropractors, optometrists, registered nurses, . . .

." 38 U.S.C. § 7401.  Section 7403(a) provides: "(1) Appointments under this chapter of health-care professionals to whom this section applies may be made only after qualifications have been satisfactorily established in accordance with regulations prescribed by the Secretary, *without regard to civil-service requirements.*  (2) This section applies to the following persons appointed under this chapter: (A) Physicians.  (B) Dentists.  (C) Podiatrists.  (D) Optometrists.  (E) Nurses.  . . . ."  38 U.S.C. § 7403(a) (emphasis added).

In *Scarnati*, relying on those provisions, we held that the Board lacked jurisdiction under 5 U.S.C. § 3330a(d) over an appeal by a physician who alleged that he was not selected for a psychiatrist position in violation of his veterans-preference rights.  344 F.3d at 1247.  We explained that, for VHA, "[a]ppointment of professional staff" identified in sections 7401 and 7403—including physicians such as Dr. Scarnati—is a task for which "Congress has given the Secretary . . . broad discretion" and that "does not come under Title 5" in that Title 5 hiring provisions are inapplicable.  *Id.* at 1247–48.  We quoted § 7401, then added: "Importantly, appointments of those health-care professionals listed in § 7401(1) 'may be made only after qualifications have been satisfactorily established in accordance with regulations prescribed by the Secretary, without regard to civil-service requirements.'"  *Id.* at 1248 (quoting § 7403(a)(1)).  We concluded: "According to the plain language of the statute, provisions of Title 5 (the 'civil-service requirements') do not govern the process for appointing physicians and other health-care professionals under § 7401(1)."  *Id.*

Those provisions were decisive, we ruled, because Congress had done nothing elsewhere to meet the high standard for overriding them.  Congress declared in 38 U.S.C. § 7425(b) that, with exceptions not applicable in *Scarnati* (or here), "'no provision of title 5 or any other law pertaining to the civil service system which is inconsistent with

any provision of . . . this chapter [i.e., chapter 74 of Title 38] shall be considered to supersede, override, or otherwise modify such provision of this chapter'" except to the extent it does so specifically. *Scarnati*, 344 F.3d at 1248 (quoting 38 U.S.C. § 7425(b), ellipses and bracketed material added by this court in *Scarnati*). Applying Title 5 provisions that restrict the Secretary's appointment discretion under sections 7401 and 7403, we concluded, "would be by definition 'inconsistent' with" that grant of discretion. *Id.* And with no specific override of those provisions to be found, we held, Congress had left unimpaired "the discretionary power given to the VHA to hire health care professionals under 38 U.S.C. § 7401(1) outside the civil service appointment process, including the veterans' preference requirements." *Id.* Title 5 veterans' preference provisions did not apply, we added, even though VHA, exercising its discretion, had adopted a related policy of its own. *Id.* ("VHA's choice to implement a veterans' preference policy for physicians does not mean that the civil service provisions relating to veterans' preference . . . also apply to the hiring of physicians.").

We noted in *Scarnati* that our specific holding was only about "appointments," not about all personnel matters addressed in Title 5, *id.* at 1248–49, distinguishing this court's decision in *James v. Von Zemenszky*, 284 F.3d 1310 (Fed. Cir. 2002), which addressed reductions in force. Dr. Scarnati's claim challenged his rejection for an appointment to a position enumerated by 38 U.S.C. §§ 7401(1) and 7403(a)(1). Lacking the rights he invoked under the VEOA, he failed to establish Board jurisdiction under the VEOA. *Scarnati*, 344 F.3d at 1249.

*Scarnati* controls the present case. Section 7401(1) expressly identifies "registered nurses" as one of the medical professionals covered by the provision, and section 7403(a) expressly identifies "[n]urses." Mr. Brandt does not dispute on appeal the administrative judge's finding that the contested nurse-practitioner position requires a person who is a registered nurse. As the contested position falls

within the ambit of §§ 7401(1) and 7403(a)(1), *Scarnati* dictates that the Board lacks jurisdiction to hear Mr. Brandt's appeal.

Mr. Brandt contends that *Scarnati* was wrongly decided. But both the Board and this panel are bound by *Scarnati*. *See Sacco v. Dep't of Justice*, 317 F.3d 1384, 1386 (Fed. Cir. 2003). This is not a case of inconsistency of panel decisions. We have, in fact, relied on aspects of *Scarnati*'s analysis. *See Cerwonka v. Dep't of Veterans Affairs*, 915 F.3d 1351, 1357 (Fed. Cir. 2019); *see also Mumme v. Merit Sys. Prot. Bd.*, 347 F. App'x 572 (Fed. Cir. 2009) (non-precedential); *Vores v. Merit Sys. Prot. Bd.*, 324 F. App'x 883 (Fed. Cir. 2009) (non-precedential). And although Mr. Brandt contends that *Harding v. Dep't of Veterans Affairs*, 448 F.3d 1373 (Fed. Cir. 2006), is counter to *Scarnati*, the two decisions do not conflict. *Harding* involved a removal, rather than an appointment, unlike the situation in *Scarnati*; and for the removal context at issue, we held that Congress had specifically, and by express mention, included Department of Veterans Affairs employees hired under Title 38, chapters 73 and 74, within the Individual Right of Action triggering Board jurisdiction over the whistleblower claims at issue. 448 F.3d at 1375–77. That congressional action met the standard set in 38 U.S.C. § 7425(b) for overriding covered Title 38 provisions, we held, whereas nothing similar was present in the VEOA appointment setting of *Scarnati*.

Because Mr. Brandt did not have the Title 5 veterans' hiring rights he invokes to challenge his non-selection for the VHA nurse-practitioner position, Mr. Brandt did not make a nonfrivolous allegation that the agency violated his rights enforceable through the VEOA. We therefore affirm the Board's dismissal for lack of jurisdiction.

## III

For the foregoing reasons, we affirm the decision of the Board.

The parties shall bear their own costs.

**AFFIRMED**