NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ANTHONY GOMEZ,**

*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**

*Respondent*

---

2025-1266

---

Petition for review of the Merit Systems Protection Board in No. NY-1221-17-0105-B-1.

---

Decided:  June 17, 2026

---

ALAN EDWARD WOLIN, Wolin & Wolin, Jericho, NY, for petitioner.

SEAN KELLY GRIFFIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before REYNA, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Anthony Gomez appeals a final order from the Merit Systems Protection Board (Board) denying his petition for review of his retaliation claims under the Whistleblower Protection Act (WPA). *Gomez v. Dep't of Veterans Affs.*, No. NY-1221-17-0105-B-1, 2024 WL 4564167, at *1 (M.S.P.B. Oct. 23, 2024) (*Final Order*). For the reasons below, we *affirm*.

## BACKGROUND

In 2011, the Department of Veterans Affairs (VA) New Jersey Health Care System hired Mr. Gomez, a veteran, for a temporary position of Program Assistant in the Ambulatory Care department of its East Orange location.

In early 2012, during Mr. Gomez's temporary tenure, the facility began preparations to operate a virtual health program to administer telehealth services. The Associate Chief of Staff for Ambulatory Care, Dr. LeDeaux, decided the program needed two managers to oversee operations. One leader, the "Lead Facility Telehealth Coordinator," or "Lead FTC," managed the program's clinical operations. The other manager, the "Deputy FTC," oversaw the program's technical operations. The Lead FTC and Deputy FTC reported to an Administrative Officer (AO), who managed the virtual health program and reported directly to Dr. LeDeaux.

Around February 2012, the facility hired Sheryl Stern to be Deputy FTC, and Sheevon Husband Clark to be AO. Clark eventually resigned during her probationary period. Stern applied for the AO position. She was interviewed and hired.

Stern's promotion left the Deputy FTC position vacant. Mr. Gomez subsequently applied for and was selected for the full-time position of Deputy FTC by Dr. LeDeaux.

The Lead FTC position eventually became vacant. To fill it, Mr. Gomez served as acting Lead FTC until June 2015. Relatedly, Mr. Gomez also requested Dr. LeDeaux to convert the Lead FTC position, a Title 38 position, to a Title 5 position.[1] In May 2015, Mr. Gomez filed a grievance alleging that the VA violated a collective bargaining agreement that required Mr. Gomez to receive higher compensation during the time he was acting Lead FTC. The VA denied the grievance.

Mr. Gomez then filed a complaint with the Office of Special Counsel (OSC) alleging that the VA retaliated against him for making protected whistleblower disclosures and engaging in protected whistleblowing activity. In particular, he contends the VA's failure to convert the Lead FTC position to a Title 5 position, his denial of a detail position with the Office of Telehealth Services, and his non-selection to the position of Supervisor, Patient Representative were all retaliatory actions for his whistleblowing activities. J.A. 1161. His complaint alleged three protected actions. First, he alleged that he disclosed violations of law to Dr. LeDeaux and Stern related to an alleged plan by Dr. LeDeaux and Stern to circumvent veterans preference hiring requirements. J.A. 186. Second, he alleged that his previously filed grievance constituted protected whistleblower activity. *Id.* at 187. And third, he alleged he "was very vocal" in claiming that the facility leadership abused their authority and engaged in mismanagement by refusing to convert the Lead FTC position to a Title 5 position. *Id.* at 186; J.A. 1166.

---

[1] This conversion would put Mr. Gomez in advantageous position to compete for the position on a permanent basis because he is a veteran. *See Scarnati v. Dep't Of Veterans Affs.*, 344 F.3d 1246, 1247–48 (Fed. Cir. 2003) (explaining interplay between Title 5 and Title 38 personnel systems).

After OSC closed the file in January 2017, Mr. Gomez filed an Individual Right of Action appeal repeating his allegations. The Administrative Judge (AJ) issued an order finding jurisdiction, conducted an evidentiary hearing, and issued an initial decision denying Mr. Gomez's request for corrective action. The AJ found that Mr. Gomez's alleged protected disclosures related to the LeDeaux-Stern conspiracy were "vague, nonspecific and speculative" without "any corroboration." J.A. 1044. The AJ also found "no indication" that Mr. Gomez's grievance related to seeking a higher salary "related to whistleblower reprisal or any alleged violation" of the WPA. *Id.* at 1046.

Mr. Gomez petitioned for Board review. The Board granted the petition and remanded because the AJ's initial decision failed to address Mr. Gomez's third allegation that he made protected disclosures related to Dr. LeDeaux's refusal to convert the Lead FTC position from a Title 38 position to a Title 5 position. *Gomez v. Dep't of Veterans Affs.*, No. NY-1221-17-0105-W-1, 2023 WL 4711683 at *3–4 (M.S.P.B. July 24, 2023).

On remand, a second AJ dismissed the remanded issue for lack of jurisdiction. The AJ found that Mr. Gomez's allegations were "vague," lacked "specificity," and merely presented a "disagreement" with management's discretionary decision. J.A. 1168–69.

Mr. Gomez filed a petition for review of the remand initial decision. *Final Order*, 2024 WL 4564167, at *1. The Board denied the petition and modified the initial decisions to clarify that (1) the claims addressed by the first initial decision were denied on the merits and (2) the claim addressed by the second initial decision was properly dismissed for lack of jurisdiction because Mr. Gomez failed to provide nonfrivolous allegations to support the claim. *Id.* at *1–2.

Mr. Gomez timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We set aside a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Rickel v. Dep't of the Navy*, 31 F.4th 1358, 1363–64 (Fed. Cir. 2022) (quoting 5 U.S.C. § 7703(c)).

Credibility determinations by an administrative judge are "virtually unreviewable." *Holmes v. United States Postal Serv.*, 987 F.3d 1042, 1047 (Fed. Cir. 2021) (citation omitted). We therefore do not disturb those findings unless they are "inherently improbable, discredited by undisputed evidence, or contrary to physical facts." *Id.* (citation omitted).

We review de novo whether the Board has jurisdiction over an appeal. *Smolinski v. Merit Sys. Prot. Bd.*, 23 F.4th 1345, 1350 (Fed. Cir. 2022) (citation omitted).

Mr. Gomez disputes the Board's conclusions regarding each of his alleged protected actions. We address each in turn.

I

Mr. Gomez first argues that he made protected disclosures when he "voiced his objections and concerns" to Dr. LeDeaux and Stern about their alleged conspiracy to circumvent veterans hiring preferences. Pet'r's Br. 17. Mr. Gomez similarly argues the first AJ's related findings were "contrary to the record," that the AJ "gave too much credence" to Dr. LeDeaux's and Stern's testimonies, and that the AJ erroneously concluded that Mr. Gomez "failed to offer any corroborative testimony" that he made the alleged disclosures. *Id.* at 17, 27–30. In turn, he argues that his protective disclosures were specific enough to demonstrate a WPA violation. *Id.* at 28.

We see no error in the AJ's determination that Mr. Gomez failed to prove that he made these protected disclosures. The testimony of Dr. LeDeaux and Stern directly conflicted with Mr. Gomez's testimony. Dr. LeDeaux and Stern denied any knowledge of any conspiratorial meetings or any disclosure by Mr. Gomez. J.A. 1043. The AJ found that Mr. Gomez's testimony "lack[ed] credibility." *Id.* at 1044. In contrast, the AJ found that Dr. LeDeaux's and Stern's testimonies were "straightforward, unequivocal[,] and consistent with one another," and she determined them to be "credible witnesses." *Id.* Those findings are "virtually unreviewable," and as such, we decline to disturb them. *Holmes*, 987 F.3d at 1047 (citation omitted).

Mr. Gomez next argues that the AJ failed to consider corroborating evidence supporting his account of the alleged LeDeaux–Stern conspiracy. Mr. Gomez specifically highlights the AJ's failure to consider his arbitration "grievance," Pet'r's Br. 31, and the testimony of LaDean Mitchell, the President of the union which Mr. Gomez was a member of during the relevant period.

Mr. Gomez's reliance on this evidence does not undermine the AJ's conclusion that he failed to offer corroborating evidence regarding the supposed LeDeaux–Stern conspiracy. Like his contentions above, Mr. Gomez's argument reflects disagreement with the AJ's weighing of the evidence, but "[i]t is not for this court to reweigh the evidence before the Board." *McMillan v. Dep't of Justice*, 812 F.3d 1364, 1371 (Fed. Cir. 2016) (quoting *Henry v. Dep't of Navy*, 902 F.2d 949, 951 (Fed. Cir. 1990)). We therefore affirm the Board's decision regarding the alleged disclosures related to the AO position and the alleged violations of laws related to veterans hiring practices because substantial evidence supports the Board's conclusion.

## II

We next address Mr. Gomez's argument that he engaged in protected activity by filing a grievance seeking a

higher salary under his collective bargaining agreement. Pet'r's Br. 20.  Mr. Gomez's opening brief raises the issue of whether he engaged in protected activity under 5 U.S.C. § 2302(b)(9).  Pet'r's Br. 1–2.  Mr. Gomez seems to refer to the AJ's conclusion that his grievance filed in 2015 seeking a higher level of pay as acting Lead FTC failed to relate to any activity related to section 2302(b)(8) of the WPA.  *See* J.A. 1045–46.  But the argument section of his brief fails to develop this argument.  It is therefore waived.  *Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1296 (Fed. Cir. 2021).  In any event, we see no error in the AJ's determination that the grievance was unrelated to any alleged protected disclosure because the grievance arose out of Mr. Gomez's collective bargaining agreement.

## III

Finally, we address Mr. Gomez's argument that he made nonfrivolous allegations of protected disclosures related to Dr. LeDeaux's refusal to convert the Lead FTC position from a Title 38 position to a Title 5 position.

As an initial matter, we disagree with Mr. Gomez that the Board previously found jurisdiction over the Lead FTC conversion issue.  After reviewing the record, we agree with the Board's conclusion that it had not previously made such a finding.

On the merits, Mr. Gomez asserts he disclosed abuses of authority and gross mismanagement related to Dr. LeDeaux's refusal to convert the Lead FTC position.  Pet'r's Br. 48.   But he identifies no specific support for those claims beyond the general allegation that Dr. LeDeaux declined to reclassify the position.  Mr. Gomez's allegation amounts to simple disagreement with Dr. LeDeaux's discretionary decision.  He offers no basis for why Dr. LeDeaux was required to convert the position other than his desire to qualify for it.  Indeed, Mr. Gomez emphasizes that he requested Dr. LeDeaux to reclassify the position so that "he could fairly compete for it."  Pet'r's Br. 33.  We thus see

no error in the AJ's conclusion that Mr. Gomez failed to present nonfrivolous allegations that he made protected disclosures related to this issue.

## CONCLUSION

We have considered Mr. Gomez's remaining arguments and find them unpersuasive. For the reasons explained above, we affirm the final order of the Board.

## **AFFIRMED**

### COSTS

No costs.